2009-02728
FILED
November 10, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002214063

7

1  EDMUND G. BROWN JR.
   Attorney General of California
2  ALAN B. ROBISON
   Supervising Deputy Attorney General
3  BERNICE L. LOUIE YEW
   Deputy Attorney General
4  State Bar No. 114601
   Bureau of Medi-Cal Fraud & Elder Abuse
5   1425 River Park Drive, Suite 300
    Sacramento, CA 95815-4524
6   Telephone: (916) 263-0404
    Fax: (916) 274-2929
7   E-mail: Bernice.Yew@doj.ca.gov
   *Attorneys for State of California*

8

9              UNITED STATES BANKRUPTCY COURT

10              EASTERN DISTRICT OF CALIFORNIA

11                  [Sacramento Division]

12

| | |
|---|---|
| In re | In Proceedings Under Chapter 7 |
| JAMES A. WALKER, VALERIE K. WALKER, and SENIOR CARE ADVOCATES, INC. *aka* SENIOR CARE ADVOCATES OF NEVADA, INC. *aka* INHERITANCE PROTECTION GROUP, INC., | Case Nos.: 09-37259-C-7<br>09-37260-C-7<br><br>Adversary No. _____ |
| Debtors. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA, | COMPLAINT TO DETERMINE DEBT TO BE NONDISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(7) AND FED. R. BANKR. P. RULE 4004 |
| Plaintiff, | |
| v. | |
| JAMES A. WALKER, JAMES WALKER ELDER LAW OFFICE, SENIOR CARE ADVOCATES, INC, and SENIOR CARE ADVOCATES OF NEVADA, INC., | |
| Defendants. | |

27      Plaintiff People of the State of California (the "State") *ex rel.* Edmund G. Brown Jr.,

28  Attorney General of California ("California Attorney General"), alleges as follows:

                                        1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523.  This is a core proceeding.

## THE DEFENDANTS

2.      Defendant James A. Walker is a debtor in the above-captioned bankruptcy proceedings.  At all times relevant hereto, defendant James A. Walker, a resident of California, is licensed to practice law in the State of California and has a law practice known as James Walker Elder Law Office.  All references to defendant James A. Walker and his law office will hereafter be collectively "defendant Walker."

3.      Defendant Senior Care Advocates, Inc. is a debtor in the above-captioned bankruptcy proceedings.  At all times relevant hereto, defendant Senior Care Advocates, Inc. is a California corporation.  Prior to May 8, 2006, defendant Senior Care Advocates, Inc. was a Nevada corporation doing business in the State of California with its corporate headquarters located in California.  Defendant Walker is the founder, a shareholder, and sole director and officer of Senior Care Advocates, Inc., and as such he manages, controls and directs the activities of this entity.  At all times relevant, defendant Senior Care Advocates, Inc. was doing business in the State of California as "Senior Care Advocates" or "SCA."

4.      Defendant Senior Care Advocates of Nevada, Inc. is a debtor in the above-captioned bankruptcy proceedings.  At all times relevant hereto, defendant Senior Care Advocates of Nevada, Inc. is a Nevada corporation doing business in the State of California with its corporate headquarters located in California.  Defendant Walker is the founder, a shareholder, President and Treasurer of Senior Care Advocates of Nevada, Inc., and as such he manages, controls and directs the activities of this entity.  At all times relevant, defendant Senior Care Advocates of Nevada, Inc. was doing business in the State of California as "Senior Care Advocates" or "SCA."  All references to defendants Senior Care Advocates, Inc. and Senior Care Advocates of Nevada, Inc. will hereafter be collectively "defendant SCA."

/ / /

/ / /

# FACTUAL ALLEGATIONS

5.     On May 28, 2008, the California Department of Justice, Bureau of Medi-Cal Fraud and Elder Abuse ("BMFEA"), on behalf of plaintiff, filed a state-law unfair competition action against defendants in *The People of the State of California vs. James A. Walker, James Walker Elder Law Office, Senior Care Advocates, Inc., and Senior Care Advocates of Nevada, Inc., Sacramento County Superior Court, Case No. 34-2008-00011822* (hereafter "State Action"), alleging that from January 1, 2000, to May 28, 2008:

A.     Defendants violated California Business and Professions Code section 17500 by making untrue and misleading statements regarding the Medi-Cal Program with the intent to induce members of the public to purchase defendants' Medi-Cal Planning and Qualifying Services when defendants knew the statements were untrue and misleading.

B.     Defendants violated California Business and Professions Code sections 17200 *et seq.* when:

     1)     Defendants violated section 17500 as alleged above;

     2)     Defendants violated California Welfare and Institutions Code sections 14014 and 14107 by engaging in a deliberate pattern and practice of financial abuse of the Medi-Cal Program when:

          a)     Clients and customers were assured by defendants they would be eligible for Medi-Cal benefits if they gifted an amount of funds to another party, while still having access to these funds, and not reporting the mechanics and understanding of this transfer to the Medi-Cal Program;

          b)     Clients and customers were encouraged, counseled, and assisted by defendants in the submission of false information regarding their Medi-Cal eligibility;

          c)     Clients and customers were aided and abetted by defendants in their receipt of Medi-Cal benefits on the basis of false information regarding their Medi-Cal eligibility; and

/ / /

d)     False claims were caused by defendants to be filed with the Medi-Cal Program for services rendered to clients and customers who defendants knew were not entitled to receive Medi-Cal benefits; and

3)     Defendants engaged in unfair business practices when:

a)     Defendants used deceptive representations in connection with the sale of their Medi-Cal Planning and Qualifying Services by representing that their services:

i)     were worth more than their true nominal value;

ii)     have characteristics and benefits which they do not have by misrepresenting the estate and Medi-Cal planning needs of their potential clients and customers;

iii)     were of a particular standard or quality when the services were of a different standard or quality; and

iv)     are available "for life" when the guaranteed availability of such services would be eliminated by defendants' unexpected insolvency;

b)     Defendants misled customers into believing legal services were and will be provided by defendants with the intent to induce the purchase and retention of their services at a higher price;

c)     Defendants discouraged clients and customers from canceling their Medi-Cal Planning and Qualifying Services with unconscionable refund provisions in fixed fee agreements with said clients and customers; and

d)     Defendants rendered services to clients and customers that were unnecessary and unauthorized so that the refund amounts paid out to said clients and customers upon cancellation of their Medi-Cal Planning and Qualifying Services would be minimized.

6.     Defendants denied the State Action allegations and claims and agreed to a resolution thereof in order to avoid the delay, uncertainty, inconvenience, and expense of

4

litigation and the potential consequential adverse publicity and damage to business operation.

7.      As part of a negotiated settlement of the State Action, defendants consented to the entry of a permanent injunction and final judgment against them and in favor of plaintiff. Pursuant to the parties' stipulation, a Permanent Injunction and Final Judgment (hereafter "PIFJ") was issued against defendants by the Honorable Joseph A. Orr and entered on May 28, 2008.

8.      The PIFJ provided for $275,000.00 of civil penalties assessed against defendants pursuant to California Business and Professions Code section 17206, which were to be paid in monthly installments commencing on June 28, 2008.

9.      In addition to civil penalties, the PIFJ provided for injunctive relief pursuant to California Business and Professions Code sections 17203 and 17535.

10.     Since November 2008 and continuing to the present date, defendants failed to pay the monthly installments of civil penalties due under the PIFJ, leaving $261,250.00 of civil penalties due and owing.

11.     On August 14, 2009, defendants filed Chapter 7 petitions and listed plaintiff therein as a Schedule F creditor in each of the above-captioned bankruptcy proceedings. In Case No. 09-37259, the PIFJ civil penalties are characterized as "vendor debt," while in Case No. 09-37260, the civil penalties are noted as "business-related debt listed as a precautionary measure."

12.     Since September 2009 and continuing to the present date, defendants declined to comply with the injunctive relief provisions of the PIFJ, as they contend said provisions are no longer applicable in light of defendants' Chapter 7 petitions.

13.     In August 2009, after initiation of the above-captioned bankruptcy proceedings, defendant Walker announced that James Walker Elder Law Office continues to provide Medi-Cal Planning and Qualifying Services for an additional fee. Defendant Walker continues to solicit his clients and customers for new business.

14.     Since September 2009 and continuing to the present date, defendants have declined to stipulate to an order finding that enforcement of the PIFJ by the California Attorney General is not automatically stayed by the filing of defendants' bankruptcy petitions and that the PIFJ civil penalties are not dischargeable debt.

## CAUSES OF ACTION PURSUANT TO 11 U.S.C. § 523(a)(7)

15.     Plaintiff incorporates by reference each and every allegation contained in paragraph numbers 1 through 14, as if fully set forth herein.

16.     The State Action filed by plaintiff was a law enforcement action designed to protect the public and not to benefit private parties.  The purpose of the injunctive relief provided for in the PIFJ was to prevent defendants' continued violations of law.  The civil penalties which are paid to the State are designed to penalize defendants for past illegal conduct.  The $275,000 of civil penalties imposed against defendants are a debt for a "penalty payable to or for the benefit of a governmental unit" within the meaning of 11 U.S.C. section 523(a)(7) and, therefore, automatically nondischargeable.

17.     The State's share of the civil penalties when paid by defendants is deposited into the Unfair Competition Law Fund pursuant to California Business and Professions Code section 17206(d).  The moneys deposited into this fund are not used to fund nor reimburse BMFEA for the costs of enforcing the PIFJ nor for investigating and prosecuting defendants in both the State Action and the above-captioned bankruptcy and adversary proceedings.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

# PRAYER FOR RELIEF

WHEREFORE, plaintiff prays:

1.      For judgment holding that the $275,000.00 of civil penalties provided for in the PIFJ is nondischargeable;

2.      For attorney's fees and costs of suit; and

3.      For such other and further relief as the Court deems just and proper.


Dated: November 10, 2009               Respectfully Submitted,

EDMUND G. BROWN JR.
Attorney General of California

ALAN ROBISON
Supervising Deputy Attorney General


/s/ Bernice L. Louie Yew
BERNICE L. LOUIE YEW
Deputy Attorney General
*Attorneys for State of California*